IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSE R. TARIN,

        Petitioner,

v.                                                              No. 98cv0829 M/JHG

TIM LEMASTER, Warden,

        Respondent.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

This matter is before the Court on Petitioner's (Tarin) Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Tarin, currently in state custody, attacks the Judgment, Sentence, and Commitment imposed in two cases styled *State of New Mexico v. Jose R. Tarin*, Nos. CR 96-179-JS and CR 96-186-JWF, Fifth Judicial District, Eddy County, State of New Mexico. Tarin was sentenced to nine years imprisonment followed by two years parole in CR 96-179-JS and nine years of imprisonment also followed by two years parole in CR 96-186-JWF. The two sentences were to run concurrently. Because both cases involve identical claims, Tarin has consolidated both cases in his federal habeas petition. Having considered the arguments of counsel, pleadings, record proper, relevant law, and being otherwise fully informed, the Court finds the Petition for a Writ of Habeas Corpus is without merit and recommends that it be denied.

On June 26, 1996, Tarin was charged by criminal information with one count of trafficking

cocaine and one count of conspiracy to traffic cocaine.  Record Proper I  ( (RP I) 1 (referring to CR-96-179-JS).  On July 5, 1996, Tarin was charged by criminal information with one count of trafficking cocaine.  Record Proper II (RP II) 1 (referring to CR-96-186-JWF).

On September 18, 1996, a jury convicted Tarin in CR-96-179-JS.  Answer, Ex. A-2.  On October 24, 1996, a jury convicted Tarin in CR-96-186-JWF.  On February 10, 1997, the trial judge held a sentencing hearing on both cases and sentenced Tarin to nine years imprisonment in CR 96-179-JS followed by two years parole and nine years of imprisonment in CR 96-186-JWF, also followed by two years parole.  The two sentences were to run concurrently.  Answer, Ex. A-1 and A-2.

Tarin appealed both conviction to the New Mexico Court of Appeals, which affirmed in both cases.  The New Mexico Supreme Court denied certiorari review in its Orders filed July 23, 1997.  Answer, Exs. G, O.  On Februry 23, 1998, Tarin filed his State Petition for Writ of Habeas Corpus.  On April 16, 1998, the state district judge denied the petition after holding a hearing, reviewing the evidence and hearing testimony.  Pursuant to 28 U.S.C. § 2254, Tarin filed his federal petition for a writ of habeas corpus on July 10, 1998.  Respondent filed his Answer on August 21, 1998, conceding exhaustion of state court remedies.   On the same day, Respondent filed a Motion to Dismiss the Petition.  The magistrate judge issued Proposed Findings and Recommended Disposition on December 1, 1998.  Respondent filed objections to the Magistrate Judge's Proposed Findings and Recommended Disposition on December 11, 1998.  On December 28, 1998, the magistrate judge entered Amended Proposed Findings and Recommended Disposition.  On January 11, 1999, Respondent filed his Objections to Magistrate Judge's Amended Proposed Findings and Recommended Disposition.  On January 22, 1999, the district

judge filed an order adopting the Magistrate Judge's recommendations and denied Respondent's Motion to Dismiss.

Tarin raises the following issues in his petition:

I. Whether Petitioner's Fifth Amendment Right to Due Process was violated by the trial court's jury instruction on reasonable doubt.

II. Whether Petitioner's Fifth Amendment right to due process was violated by the trial court's jury instruction on duty to consult that had the effect of shifting the burden of proof from the state to the defendant.

A state conviction may only be set aside in a habeas proceeding on the basis of erroneous jury instructions when the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial. *Maes v. Thomas*, 46 F.3d 979, 984 (10th Cir.), *cert denied*, 514 U.S. 1115 (1995). "The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal." *Id.* (quoting *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977)). The question in a habeas proceeding is not whether the instruction is "undesirable, erroneous, or even 'universally condemned,'" but whether the instruction so infected the trial that the resulting conviction violates due process. *Henderson v. Kibbe,* 431 U.S. at 154 (quoting *Cupp v. Naughten*, 414 U.S. 141, 146 (1973)).

**Reasonable Doubt Jury Instruction**

The Due Process Clause requires the government to prove every element of a charged offense beyond a reasonable doubt. *Tillman v. Cook*, 215 F.3d 1116, 1123 (10th Cir. 2000)(citing *In re Winship*, 397 U.S. 358, 364 (1970). However, "the Constitution neither prohibits trial courts from defining reasonable doubt nor requires them to do so as a matter of

course." *Victor v. Nebraska*, 511 U.S. 1, 5 (1994). "A trial judge retains extensive discretion in tailoring jury instructions, provided that they correctly state the law and fairly and adequately cover the issues presented." *United States v. Conway*, 73 F.3d 975, 980 (10th Cir. 1995). "The constitutional question . . . is whether there is reasonable likelihood that the jury understood the instructions to allow conviction based on proof insufficient to meet the *Winship* standard." *Victor*, 511 U.S. at 6.

The state district judge gave the New Mexico Uniform Jury Instruction on reasonable doubt at both of Tarin's trials, CR 96-179-JS and CR 96-186-JWF. RPI 35, RPII 40. The New Mexico Jury Instruction on reasonable doubt states:

> The law presumes the Defendant to be innocent unless and until you are satisfied beyond a reasonable doubt of his guilt.
>
> The burden is always on the state to prove guilt beyond a reasonable doubt. It is not required that the state prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense– the kind of doubt that would make a reasonable person hesitate to act in the graver and more important affairs of life.

New Mexico Uniform Jury Instruction 14-5060. Tarin objects to the following language defining reasonable doubt: "A reasonable doubt is a doubt based upon reason and common sense– the kind of doubt that would make a reasonable person hesitate to act in the graver and more important affairs of life." Specifically, Tarin claims that the language "hesitate to act in the graver and more important affairs of life" diluted the state's burden by creating a standard that could mislead the jury into finding no reasonable doubt when in fact there was reasonable doubt.

The Court finds that the language objected to by Tarin did not constitute a violation of due process. Although Tarin tendered a modified reasonable doubt instruction modeled after the

language of Justice Ginsburg's concurring opinion in *Victor*, Justice Ginsburg recognized that the test "we properly apply in evaluating the constitutionality of a reasonable doubt instruction is not whether we find it exemplary; instead, we inquire only whether there is a 'reasonable likelihood that the jury understood the instruction to allow conviction based on proof insufficient to meet' the reasonable doubt standard." *Id.* at 27-28 (concurring opinion) (quoting *Victor*, 511 U.S. at 6). Moreover, in *Victor*, the Supreme Court approved of the language Tarin objects to. Specifically the Supreme Court stated:

> In any event, the instruction provided an alternative definition of reasonable doubt: a doubt that would cause a reasonable person to hesitate to act. This is a formulation we have repeatedly approved, and to the extent the word "substantial" denotes the quantum of doubt necessary for acquittal, the hesitate to act standard gives a common sense benchmark for just how substantial such a doubt must be. We therefore do not think it reasonably likely that the jury would have interpreted this instruction to indicate that the doubt must be anything other than a reasonable one.

*Victor,* 511 U.S. at 20-21 (internal citations omitted). The jury instruction in Tarin's trials sufficiently instructed the jury on the definition of reasonable doubt. Accordingly, Tarin's claim fails.

**Duty to Consult Jury Instruction**

The state district judge gave the New Mexico Uniform Jury Instruction on the duty for jurors to consult in their deliberations at both of Tarin's trials, CR 96-179-JS and CR 96-186-JWF. RPI 43, RPII 45. The New Mexico Jury Instruction on duty to consult states:

> Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agrees. Your verdict must be unanimous.
>
> It is your duty to consult with one another and try to reach an agreement. However, you are not required to give up your individual judgment. Each of you must decide the case for yourself, but you must do so only after an impartial

> consideration of the evidence with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own view and change your opinion if you are convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the purpose of reaching a verdict.
>
> You are the judges– judges of the facts.  Your sole interest is to ascertain the truth from the evidence in the case.

New Mexico Uniform Jury Instruction 14-6008.  Tarin contends the duty to consult jury instruction given at both his trials "was unconstitutional because the jury was implicitly required to find him guilty even if one or more of the jurors were not persuaded he was guilty."  Pet'r Mem. Br. at 11.  Tarin argues that "[b]ecause a defendant is presumed innocent unless and until found guilty by a jury, and because a finding of guilt under New Mexico law must be unanimous, it is proper to instruct the jury that they must vote unanimously to find him guilty.  Conversely, when jurors fail to reach a unanimous verdict to guilty, a defendant is *ipso facto* innocent."  *Id.*  This instruction, Tarin claims, "instructs jurors that they must vote unanimously to find a defendant *innocent,*" therefore, "improperly shifting the burden of proof to the defendant to prove he is innocent."  *Id.*    The Court disagrees.  As Respondent argues, Tarin ignores the concept of a hung jury.  If the jurors do not agree unanimously and a verdict is not reached the trial judge declares a mistrial. Therefore, the New Mexico Uniform Jury Instruction on duty to consult does not implicitly require the jury to find Tarin guilty even if one or more of the jurors were not persuaded he was guilty.  Moreover, the jury instruction on duty to consult specifically instructs the jurors not to "surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the purpose of reaching a verdict."  Additionally, the state district judge also instructed the jurors that "[t]he law presumes the

Defendant to be innocent unless and until you are satisfied beyond a reasonable doubt of his guilt. The burden is always on the State to prove guilt beyond a reasonable doubt." RPI 35, RPII 40. Considering the instruction in the context of the instructions as a whole, the Court finds that the New Mexico Uniform Jury Instruction on duty to consult did not violate Tarin's due process. *See Estelle v. McGuire*, 502 U.S. 62, 71 (1991)(jury instruction "may not be judged in artificial isolation," but must be considered in the context of the instructions as a whole).

## RECOMMENDED DISPOSITION

The Petition for a Writ of Habeas Corpus brought by a person in state custody pursuant to 28 U.S.C. § 2254 should be denied.

 

**JOE H. GALVAN**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE

Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.